Robert L. BRANDT, Plaintiff-Appellant-Petitioner,

v.

LABOR & INDUSTRY REVIEW COMMISSION,
Defendant-Respondent.

Supreme Court

*No. 90-0221. Oral argument January 2, 1992.—Decided March 4, 1992.*

(Also reported in 480 N.W.2d 494.)

624

For the plaintiff-appellant-petitioner there were briefs by *Curtis A. Paulsen, Paul F. Heaton* and *Frisch Dudek, Ltd.,* Milwaukee and oral argument by *Mr. Paulsen.*

For the defendant-respondent there was a brief by *Earl G. Buehler,* Madison and oral argument by *Earl G. Buehler.*

STEINMETZ, J.   Robert L. Brandt, an employee and co-owner of Brandt Contractors, Inc., seeks review of a court of appeals decision dismissing his complaint requesting judicial review of a Labor and Industry Review Commission (LIRC) decision requiring him to

repay $22,716 to the unemployment compensation reserve fund.

Two issues are before this court. First, is the employer, Brandt Contractors, Inc., an adverse party which must be joined as a party defendant in an unemployment compensation action. Second, if the employer is found to be an adverse party in this case, should the failure of the employee to name the employer as a party defendant be fatal to his request for judicial review of the unemployment compensation decision made by LIRC.

This case was initiated by the Department of Industry, Labor and Human Relations (DILHR) determinations finding that Robert L. Brandt received overpayment of unemployment compensation benefits. Brandt petitioned for and received a hearing before a hearing examiner who affirmed DILHR's determinations. Brandt then appealed the judge's decision by petitioning the LIRC. The LIRC affirmed the hearing examiner's decision.

Having exhausted his administrative remedies, Brandt filed a summons and complaint in circuit court seeking review of the LIRC decision naming only LIRC as the adverse party defendant and serving only LIRC with the summons and complaint.[1] Washington county circuit court Judge James B. Schwalbach concluded that the employer was an adverse party within the meaning

---

[1]Section 102.23(1)(a), Stats., states in relevant part:

Within 30 days after the date of an order or award made by the commission either originally or after the filing of a petition for review with the department under s. 102.18 any party aggrieved thereby may by serving a complaint as provided in par. (b) and filing the summons and complaint with the clerk of the circuit court commence, in circuit court, an action against the commission for the review of the order or award, in which action *the adverse party shall also be made a defendant.*
(Emphasis added.)

of sec. 102.23(1)(a), Stats., and therefore the employee was required to join the employer as a party defendant in order to afford the court subject matter jurisdiction. Judge Schwalbach dismissed the complaint for lack of jurisdiction.

The court of appeals affirmed the circuit court's decision to dismiss the case; however, it based its decision on the court's lack of competency to proceed rather than subject matter jurisdiction. *See Brandt v. LIRC*, 160 Wis. 2d 353, 466 N.W.2d 673 (Ct. App. 1991).

We affirm the court of appeals decision and hold that an employer is an adverse party in unemployment compensation judicial review proceedings. We further conclude that Robert Brandt's claim was properly dismissed, because in failing to name Brandt Contractors, Inc. as a party defendant, the circuit court lacked competency to proceed on the matter.

The relevant facts are as follows. Brandt Contractors, Inc. is an asphalt paving construction business. Robert L. Brandt and his brother Richard are co-owners and employees of the business. From 1982 through 1988 Robert L. Brandt applied for and received unemployment benefits totaling $29,740.

In March of 1989, DILHR determined that during the unemployment compensation tax years 1982 through 1988, Robert Brandt was considered an employee of Brandt Contractors, Inc., but because he "owned or controlled 25% of the employer corporation" during this time of unemployment, he was permitted to take only four benefit weeks. *See* sec. 108.04(1)(g), Stats. Consequently, Brandt received overpayment of benefits totaling $22,716 which he was ordered to repay to the unemployment compensation fund.[2]

---

[2]Section 108.04(13)(f), Stats., states:

Brandt appealed DILHR's determinations and a hearing was held before a hearing examiner.[3] Robert Brandt argued that he owned only 15 percent interest in the company, and, therefore, only received benefits to which he was entitled. The hearing examiner, however, upheld DILHR's initial determinations of overpayment.

Brandt then petitioned the LIRC for a review of the hearing examiner's decision. Again it was held that Brandt received overpayment of benefits.

Next, Brandt filed a summons and complaint in circuit court seeking judicial review of LIRC's decision. Brandt named only LIRC as a party defendant—his employer, Brandt Contractors, Inc., was not named as a party defendant.[4]

LIRC moved to dismiss the action on the grounds that Robert Brandt failed to name his employer as an adverse party and party defendant as required by statute.[5] LIRC argued that employers are always adverse parties to claims by employees because employers are

---

If benefits are erroneously paid because the employer fails to file a report required by this chapter, fails to provide correct and complete information on the report, fails to object to the benefit claim under s. 108.09(1) or aids and abets the claimant in an act of concealment as provided in sub. (11), the employer is at fault. If benefits are erroneously paid because an employee commits an act of concealment as provided in sub. (11) or fails to provide correct and complete information to the department, the employe is at fault.

[3]Brandt Contractors, Inc. did not participate in the hearing.

[4]Although the employer was named in the body of the complaint, the record shows that the mention of Brandt Contractors, Inc. in the complaint did not clearly indicate that the grievance was against the employer as well.

[5]The statute that LIRC relied upon was sec. 102.23(1)(a), Stats., which requires that the adverse party be made a defendant. Workers compensation cases interpreting sec. 102.23(1)(a) hold that it is fatal to jurisdiction to omit the adverse party. *See Holley*

adversely affected by unemployment compensation claims. Benefits that are paid to an employee are charged to the employer's account. As a result, the employer's tax rate will increase as charges are made to the account. *See* sec. 108.16(2)(b), Stats., and sec. 108.18. Conversely, if an employee is overpaid, the employer is given credit. *See* sec. 108.16(2m).

The circuit court granted the LIRC's motion to dismiss Brandt's complaint. Judge Schwalbach reasoned that even though stockholders of the company were not asking for the return of the funds paid to Brandt, because the "corporation still would be entitled to have its contract (account) credited with any funds recovered from [Brandt]," the corporation was an adverse party. Moreover, because the corporation as an adverse party was not named within 30 days, the court did not have personal jurisdiction.

The court of appeals agreed with the circuit court's decision to dismiss the case but based its decision on different reasoning. The court of appeals stated that under sec. 108.09(7), Stats., the circuit court retained subject matter jurisdiction because the statute empowered the circuit court to review unemployment compensation cases.[6] The court of appeals then examined sec. 102.23(1)(a), Stats., which requires that an adverse party

---

*v. ILHR Department,* 39 Wis. 2d 260, 264–65, 268, 158 N.W.2d 910 (1968).

[6]Section 108.09(7)(a) reads in part:

The department or either party may commence action for the judicial review of a decision of the commission under this chapter after exhausting the remedies provided under this section if the party or the department has commenced such action in accordance with s. 102.23 within 30 days after a decision of the commission is mailed to a party's last-known address.

be joined when a party is seeking judicial review.[7] The court of appeals wrote: "This provision, we conclude, travels to the circuit court's competency to proceed because it addresses a threshold requirement which must be satisfied before the circuit court may act." *Brandt,* 160 Wis. 2d at 367. The court also concluded that "Brandt's failure to join Brandt Contractors, Inc. traveled to the very accuracy and integrity of the administrative review process." *Id.* at 372. Thus, the court of appeals dismissed the complaint for lack of competency to proceed.

We affirm the decision of the court of appeals by holding that an employer is an adverse party in unemployment compensation judicial review proceedings and should therefore be named as a party defendant in the summons and complaint. Furthermore, because the employee in this case failed to include his employer as a party defendant, the case was properly dismissed.

This is a case involving Wisconsin's unemployment compensation law in chapter 108 which presents a question of law. Questions of law are decided without deference to the decision of the trial court. *Ball v. District No. 4 Area Board.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984).

Black's Law Dictionary defines an "adverse party" who is "entitled to notice of an appeal" as "every party whose interest in relation to the judgment or decree appealed from is in conflict with the modification or

---

[7]Judicial review of unemployment compensation determinations is conducted pursuant to sec. 102.23, Stats. the statute which governs judicial review of workers compensation. *See Marathon Elec. Mfg. Corp. v. Industrial Comm'n,* 269 Wis. 394, 402, 69 N.W.2d 573, 577–78 (1955).

reversal sought by the appeal."[8] This definition is consistent with state court decisions. For example, in *Bales v. Iowa State Highway Commission,* 249 Iowa 57, 63, 86 N.W.2d 244, 248 (1957) the Iowa Supreme Court stated that the test generally applied to determine whether a party is an "adverse party" who must be given notice of appeal, is "whether he will be prejudiced or adversely affected by a reversal or modification of the judgment appealed from." *See City of Sioux Falls v. Naused,* 88 S.D. 14, 16, 214 N.W.2d 74, (1974); *Hanson v. Zoller,* 174 N.W.2d 354, 358, 360 (N.D. 1970).

Wisconsin courts have also applied a similar definition of adverse party. In *Harrigan v. Gilchrist,* 121 Wis. 127, 208, 99 N.W. 909 (1904) the court wrote that an adverse party for service requirements is "the possession of some substantial interest adverse to the judgment, a revision of which is sought in the appellate court." In *Stevens v. Jacobs,* 226 Wis. 198, 201, 275 N.W. 555, 276 N.W. 638 (1937), the court stated: "The words 'adverse party' in the appeal statute relative to serving notice . . . includes each and every party whose interest on the face of the judgment is adverse to the interest of appellant . . .." The court in *Holley v. ILHR Department,* 39 Wis. 2d 260, 264-65, 158 N.W.2d 910 (1968), stated that an adverse party in sec. 102.23, Stats., refers to a party

---

[8]Black's Law Dictionary continues in stating that the term includes the following circumstances:

> Every party interested in sustaining the judgment or decree. All parties appearing against losing party unless reversal of case will not be to party's detriment. Any party who would be prejudicially affected by a modification or reversal of the judgment appealed from. One who has interest in opposing object sought to be accomplished by appeal. Party to record, whose interest in subject-matter of appeal is adverse to reversal or modification of judgment or order appealed from.

whose interests were adverse in the proceedings before DILHR.

Brandt argues that a court must carefully review the circumstances when determining who is an adverse party. In addition, Brandt sets forth three factors that should be used to assist in making a determination of an adverse party. First, determine whether the party alleged to be adverse appeared at the proceedings below; second, determine what position the party took in the proceedings; and third, determine whether the order or decision from the hearing was entered in favor of the party in question.

Brandt asserts that his employer, Brandt Contractors, Inc., is not an adverse party because his employer did not appear at the hearing and the company was not opposed to Brandt receiving the benefits. Furthermore, Brandt argues that Brandt Contractors, Inc. is not the party in whose favor the award was made, rather it was made in favor of the unemployment compensation fund. We disagree.

To begin, we state that it is our opinion that the factors outlined by Brandt do not conclusively determine an adverse party. In addition, we believe that it cannot be said that a party is adverse because an employer, or an agent on behalf of the employer, appeared at the hearing. The employer may have attended the hearing for other purposes.[9]

We also find that Brandt is incorrect in stating that Brandt Contractors, Inc. is not a party in whose favor

---

[9]It is noteworthy that in *Thresherman's Nat. Ins. Co. v. Industrial Comm.,* 201 Wis. 303, 308, 230 N.W. 67 (1930) the court concluded that the employer was an adverse party because of the position it took regarding liability, not because of the fact that it appeared at the hearing.

the award was made. The unemployment compensation program provides benefits to unemployed workers.[10] The benefits are funded by a tax on employers. *See* sec. 108.18, Stats. The level of taxes is directly affected by the number of the employers' workers who are unemployed. *See* sec. 108.18(4). Consequently, every time an employee files a claim for benefits, an "adverse" effect is created because allowance of a claim can result in an increase in the tax level applicable to the employer in and of itself or in combination with other claims.

■

Conversely, should Brandt be required to reimburse the fund, the employer will receive credit. Robert L. Brandt claimed unemployment benefits for seven years. Benefits paid to him were charged to the account of his employer, Brandt Contractors, Inc. A final determination that the benefits were erroneously paid results in restoring the amount paid to the employer's account. Such crediting will increase the amount of the employer's reserve and could have the effect of reducing its tax rate.

Finally, whether the employee and employer have adverse interests is not controlled by the fact that a stockholder and officer of the corporation does not object to the payment of benefits. It is not surprising that in this case Robert Brandt's brother would not personally raise an objection to the payment of benefits. In addition, failure to oppose the claim does not eliminate the tax consequences to the corporation.

■

Thus, the interest of Brandt Contractors, Inc. is adverse to that of Robert L. Brandt because of the effect of an eligibility determination on its account. The effect

---

[10]Chapter 108 of the Wisconsin Statutes outlines the provisions of unemployment compensation.

is adverse, even though the impact may not be immediate. We therefore hold that an employer is an adverse party when an employee appeals an unemployment compensation benefits decision to circuit court.

The second issue is whether Robert Brandt's failure to name his employer as a party defendant causes his request for judicial review to be rejected. Failure to name a party in the summons and complaint deprives that party of notice that an action has been commenced against it and precludes that party from being bound by a decision of the court. Furthermore, including all necessary parties assures just, complete, and binding adjudication with respect to all persons who have an interest in the particular controversy.

Brandt argues that failing to name Brandt Contractors, Inc., in the caption is a hypertechnical defect which should not prevent the circuit court from proceeding with the case because the company was not prejudiced or misled in any way by the deficiency since it had actual notice of the lawsuit. Robert Brandt's failure to join his employer as a party is not a hypertechnical deficiency; rather, it is a lack of compliance with a statutory requirement. The fact that Brandt Contractors, Inc. was named in the body of the complaint does not remedy the fundamental defect of failing to name it in the summons and complaint. *Bulik v. Arrow Realty, Inc.,* 148 Wis. 2d 441, 444, 434 N.W.2d 853 (Ct. App. 1988).

Furthermore, even though Brandt Contractors, Inc. had knowledge of the lawsuit, "knowledge that a suit is pending is not the equivalent of service." *Holley,* 39 Wis. 2d at 268. We believe that the requirements for obtaining judicial review of a commission decision involving unemployment benefits are clearly set forth in

secs. 108.09(7) and 102.23(1), Stats. We must therefore require strict compliance. We affirm the dismissal of the case.

*By the Court.*—The decision of the court of appeals is affirmed.