Ronald A. SCHAEFER, Plaintiff-Appellant,

v.

Robert G. RIEGELMAN, Defendant-Respondent.

Supreme Court

*No. 00–2157. Oral argument November 5, 2001.—Decided February 27, 2002.*

2002 WI 18

(Also reported in 639 N.W.2d 715.)

For the plaintiff-appellant there were briefs by *Robert R. Weinstine* and *Winthrop & Weinstine, P.A.*, Minneapolis, MN, and oral argument by *Thomas H. Boyd.*

For the defendant-respondent there was a brief by *Terry E. Johnson, David F. Andres* and *Peterson, Johnson & Murray, S.C.*, Milwaukee, and oral argument by *Terry E. Johnson.*

¶ 1. JON P. WILCOX, J. In this case we review a summary judgment order of the Racine County Circuit Court, Bruce E. Schroeder, Judge. The circuit court held that because the plaintiff's summons and complaint were signed by an attorney who was not licensed to practice law in Wisconsin, they contained a fundamental defect, which deprived the circuit court of jurisdiction even though the signature was made on behalf of and at the direction of an attorney who was licensed in Wisconsin.

¶ 2. The plaintiff, Ronald Schaefer, attempted to commence a legal malpractice action against Attorney Robert Riegelman. The original summons and complaint were signed by Attorney Julie Fishel on behalf of Attorney Robert R. Weinstine with Weinstine's knowledge and authorization. Weinstine and Fishel were members of the same firm and both were licensed to practice law in Minnesota. However, only Weinstine was licensed to practice law in Wisconsin. Riegelman filed a motion for summary judgment claiming that, because of the defective summons and complaint, the action had not properly been commenced and the court lacked jurisdiction. The circuit court granted Riegelman's motion and found that the defective pleadings deprived the

499

court of jurisdiction. Schaefer appealed and the court of appeals certified the case to this court.

¶ 3. We now affirm the judgment of the circuit court. We conclude that the pleadings were defective, the defect was fundamental rather than technical, and that the defect was not cured by any action taken by the plaintiff. Thus, the circuit court properly granted the defendant's motion for summary judgment based on a lack of jurisdiction.

I

¶ 4. The procedural facts that give rise to this case are not disputed. Schaefer attempted to initiate a legal malpractice claim against Riegelman, alleging that Riegelman had failed to properly draft certain business documents to sufficiently protect Schaefer's interests in a corporation that was being purchased by Schaefer. Schaefer was being represented in the malpractice action by the Minneapolis law firm of Winthrop & Weinstine.

¶ 5. Schaefer's summons and complaint were filed with the Racine County Circuit Court on August 17, 1999. Both documents were signed by Attorney Julie Fishel, who wrote "Robert R. Weinstine (by J.A. Fishel)" above a signature line with the typed name of Robert R. Weinstine and Weinstine's Wisconsin State Bar number below the line. Fishel signed the documents at the express request of Weinstine, who was not available to personally sign them. Both Weinstine and Fishel were employed by the Winthrop & Weinstine firm and both were licensed to practice law in Minnesota. Weinstine was also licensed to practice law in Wisconsin, but Fishel was not. After Schaefer's complaint was filed, Fishel filed a petition in the Wisconsin court to appear

pro hac vice. The petition was granted and an admission order was signed by Judge Schroeder on August 31, 1999.

¶ 6. Riegelman filed an answer on September 9, 1999, in which he raised the defenses that the circuit court lacked personal and subject matter jurisdiction because the summons and complaint were defective and, therefore, the case had not been properly commenced. On September 20, 1999, Schaefer filed an amended summons and complaint. The amended summons was signed by Fishel in her capacity as an attorney admitted pro hac vice, but the amended complaint was simply a photocopy of the original complaint. Three days later, Riegelman renewed his affirmative defenses in his answer to the amended complaint.

¶ 7. On May 30, 2000, Riegelman filed a motion with the circuit court for summary judgment. Riegelman argued that the summons and complaint did not comport with Wis. Stat. §§ 801.09 and 802.05 (1999–2000)[1] because Fishel, who signed the complaint, was not licensed to practice law in Wisconsin. Riegelman also contended that Fishel could not legally sign the pleadings on behalf of Weinstine. Riegelman claimed that the defect in the pleadings was fundamental, which deprived the court of jurisdiction and required the court to grant summary judgment.

¶ 8. The circuit court agreed with Riegelman. In a hearing on the summary judgment motion, the court deemed the original summons and complaint defective because they had not been signed by an attorney who was authorized to practice law in Wisconsin. The court noted that at the time the summons and complaint

---

[1] All subsequent references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise indicated.

were filed and served, the alleged attorney of record who was licensed in Wisconsin (Weinstine) had not officially appeared or participated in the proceedings under § 802.05(1)(a) because he had not personally signed the pleadings.

¶ 9. The circuit court also held that Fishel's pro hac vice admission did not cure the defect. The court noted that the purpose of pro hac vice sponsorship is to have a licensed attorney accountable to the court. The court found that at the time of filing, no Wisconsin attorney had appeared on the record as a sponsor and pro hac vice status was thus not available to Fishel under SCR 10.03(4). Likewise, the court stated that the amended complaint had not cured the defect because the amended complaint was not truly amended, but rather it was only a photocopy of the original complaint and thus contained the same defect as the original.

¶ 10. The court concluded that the signature on the documents did not comply with the subscription requirements of Wis. Stat. §§ 801.02(1) and 802.05(1)(a), and that the non-compliance constituted a fundamental defect in the pleadings. Because the defect was fundamental, the court held that it lacked jurisdiction and granted Riegelman's motion for summary judgment.

¶ 11. Schaefer appealed the circuit court's decision. Recognizing this issue as one of first impression in Wisconsin, the court of appeals certified the case to this court. We accepted the certification and we now affirm the judgment of the circuit court.

## II

¶ 12. In reviewing a grant of summary judgment, we apply the same methodology used by the circuit

court. *Baierl v. McTaggart*, 2001 WI 107, ¶ 11, 245 Wis. 2d 632, 629 N.W.2d 277. We will hold that summary judgment is appropriate if the record reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Wis. Stat. § 802.08(2).

¶ 13. Here, we must decide whether there was a defect in Schaefer's pleadings that would deprive the court of jurisdiction and entitle Riegelman to judgment as a matter of law. The plaintiff must secure the court's personal jurisdiction over the defendant by properly serving the summons and complaint on the defendant. Wis. Stat. § 801.04(2)(a); *Lak v. Richardson-Merrill, Inc.*, 100 Wis. 2d 641, 649, 302 N.W.2d 483 (1981). However, if the pleadings contain a fundamental defect, the court will be deprived of jurisdiction. *Am. Family Mut. Ins. Co. v. Royal Ins. Co.*, 167 Wis. 2d 524, 533, 481 N.W.2d 629 (1992).

¶ 14. To establish whether or not a pleading is fatally defective, this court uses a two-part test. First, we must ascertain whether there is, in fact, a defect in the pleading. *Id.* Second, we must determine if the defect is technical or fundamental in nature. *Id.* If the defect is technical, the court has jurisdiction only if the non-pleading party has not been prejudiced by the defect. *Id.* If the defect is fundamental, however, the court does not have jurisdiction over the action, regardless of whether or not prejudice exists. *Id.*

A

¶ 15. We first address whether the pleadings in this case were, in fact, defective. Whether the subscrip-

tion requirements have been properly satisfied under the Wisconsin Statutes is a question of statutory interpretation, which we review independently, without deference to the lower courts. *Gaddis v. La Crosse Prods.*, 198 Wis. 2d 396, 401, 542 N.W.2d 454 (1996). The burden is on the party alleged to have filed the defective pleading to show that there was no defect. *Id.* at 402; *Am. Family*, 167 Wis. 2d at 533.

¶ 16. When interpreting a statute, we first look to its plain language. *Jadair, Inc. v. United States Fire Ins. Co.*, 209 Wis. 2d 187, 195, 562 N.W.2d 401 (1997). If the meaning is clear from the plain language of the statute, we look no further. *Id.* The relevant statute here, Wis. Stat. § 802.05(1)(a), provides in part:

> Every pleading, motion or other paper of a party represented by an attorney . . . *shall be subscribed with the handwritten signature of at least one attorney of record in the individual's name. . . .* The signature of an attorney or party constitutes a certificate that the attorney or party has read the pleading, motion or other paper; that to the best of the attorney's or party's knowledge, information and belief, formed after reasonable inquiry, the pleading, motion or other paper is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and that the pleading, motion or other paper is not used for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. . . . (emphasis added).

¶ 17. Section 802.05(1)(a) clearly lays out the basic requirements for a sufficient signature on a complaint. The signature must (1) be handwritten; (2) be the signature of an attorney of record; and (3) be in that attorney's name. Although the signature in this case was handwritten, it was not the signature of the attorney of record in that attorney's own name. Fishel was not licensed to practice law in Wisconsin at the time the pleadings were filed and she was therefore ineligible to appear as an attorney of record. *See* Wis. Stat. § 757.30; *see also Jadair,* 209 Wis. 2d at 201–04. Weinstein—the only potential attorney of record in this case—did not personally sign the summons or the complaint and the signature was therefore not his own. Because no attorney of record signed the pleadings in accordance with § 802.05(1)(a), the pleadings were defective.

¶ 18. Schaefer argues that the signature by Fishel satisfied the statute because the signature was in Weinstine's own name and was made with Weinstine's express authorization. Schaefer argues that the law of agency binds a principal to the signature when the principal directs an agent to sign on the principal's behalf. *See* Restatement (Second) of the Law of Agency § 156, cmt. a (1957). Schaefer suggests that the use of the preposition "by" creates the presumption that the principal, not the agent, is the bound party. *See id.* Under this argument, Schaefer contends that the purpose of the subscription requirement in § 802.05 was met.

¶ 19. We reject the agency argument put forth by Schaefer. The plain language of § 802.05(1)(a) requires that the signature on the pleadings shall be the signature of the attorney of record and that it shall be made

in the attorney's own name. The statute does not allow for the delegation of the subscription requirement to an agent. Fishel was not authorized by law to sign the pleadings for Weinstine and she was not authorized to sign the pleadings in her own capacity. Because the attorney of record did not sign the pleadings in his own name, the statutory subscription requirements were not met in this case and for that reason the pleadings were defective.

B

¶ 20. We must next determine whether Fishel and Weinstine were able to cure the defect in the pleadings. We hold that they were unable to do so. Whether the defect was properly cured is a question of statutory interpretation which we review de novo. *Gaddis,* 198 Wis. 2d 396, 401.

¶ 21. Section 802.05 provides that "[i]f a pleading, motion or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." Wis. Stat. § 802.05(1)(a). Here, Riegelman called the defective pleadings to the attention of the plaintiff in his answers to both the original complaint and the amended complaint. Over eight months after Riegelman's second answer, when no attempt to correct the defect had been made, Riegelman filed for summary judgment. Under such circumstances, the circuit court was correct in dismissing the case.

¶ 22. Fishel's pro hac vice admission was not enough to cure the defect. The Supreme Court Rules state, "[a] judge in this state may allow a nonresident

506

counsel to appear in his or her court and participate in a particular action or proceeding in association with an active member of the state bar of Wisconsin who appears and participates in the action or proceeding." SCR 10.03(4) (2000). Thus, one of the fundamental requirements of granting a motion for pro hac vice admission is that the nonresident counsel proceeds in connection with an attorney who is licensed to practice in Wisconsin and that the Wisconsin attorney appears and takes part in the proceeding.[2]

¶ 23. As of the time that Fishel made her motion to appear pro hac vice, no Wisconsin attorney had appeared on the record because the original pleadings had been improperly subscribed. As the circuit court correctly pointed out, the purpose of the sponsorship requirement is to ensure that there is a Wisconsin attorney who is accountable to the court. Because there was no sponsoring attorney on the record, Fishel's signature could not retroactively become valid to commence the action when she was admitted pro hac vice.

¶ 24. Likewise, the filing and service of the amended complaint did not cure the defect. First, the fact that the amended complaint was filed after the order to admit Fishel pro hac vice does not matter, since Fishel's admission was itself invalid. Just as important, however, is the fact that the amended complaint was merely a photocopy of the original complaint. Because the amended complaint, most notably the signature,

---

[2] The circuit court explicitly recognized the sponsorship requirement. Judge Schroeder handwrote "Wisconsin-licensed attorney sponsor must maintain general supervision over the case" on the bottom of the order to admit Fishel pro hac vice.

had not been changed, it contained the same defect as the original complaint and could not create jurisdiction for the circuit court.

## C

¶ 25. Having decided that Schaefer's pleadings were defective, we next look at whether the defect in the complaint was fundamental or technical in nature. If the defect was technical, the court has jurisdiction only if the defendant was not prejudiced by the defect. *Gaddis,* 198 Wis. 2d at 401–02; *Am. Family,* 167 Wis. 2d at 533. If the defect was fundamental, no jurisdiction exists regardless of whether or not the defendant was prejudiced. *Gaddis,* 198 Wis. 2d at 401–02; *Am. Family Mut. Ins.,* 167 Wis. 2d at 533. The burden is on the party who allegedly served the defective pleading to show that the defect was technical. *Id.* If that party is able to show that the defect was technical, the party then has the burden of showing that the defect did not prejudice the opposing party. *Gaddis,* 198 Wis. 2d at 402; *Am. Family,* 167 Wis. 2d at 533. Whether a defect is technical or fundamental is a question of law, which we review de novo. *Am. Family,* 167 Wis. 2d at 529. Here, we determine that the defect in the complaint was fundamental and that the circuit court therefore lacked jurisdiction over the defendant.

¶ 26. In *American Family Mutual Insurance v. Royal Insurance Co.,* 167 Wis. 2d 524, this court explained the fundamental-technical distinction and noted that when there was a fundamental defect in a pleading, the court would lose jurisdiction. *Id.* at 533. In *American Family,* we held that when a complainant fails to meet the pleading requirements of § 801.02(1), it carries a fundamental defect. That is, when the

508

complainant fails to file a summons and complaint naming the defendant, when the copy of the pleadings served on the defendant are not authenticated, or where service of the summons and complaint does not occur within 60 days after filing, the court does not gain jurisdiction over the person. *Id.* at 533–34.

¶ 27.　Conversely, in *Gaddis v. La Crosse Products,* 198 Wis. 2d 396, we held that the plaintiff's failure to sign a summons was a technical error, as long as the summons was accompanied by a properly subscribed complaint. *Id.* at 407. We noted that this court has traditionally avoided dismissal of actions based on nonjurisdictional and nonprejudicial technicalities. *Id.* at 407–08.

¶ 28.　Schaefer argues that the defect of subscription in this case was just such a nonjurisdictional technicality because the purpose and intent of the statutory rule were fulfilled. Schaefer points to several recent court of appeals cases that have suggested that when the purpose and intent of a statute have been fulfilled, defects in their fulfillment are technical in nature. *See, e.g., Schlumpf v. Yellick,* 94 Wis. 2d 504, 288 N.W.2d 834 (1980) (concluding that when the wrong file number is typed on the complaint, the defect is technical because the primary purpose of service is to give notice to the defendant that an action has been commenced); *Bendimez v. Neidermire,* 222 Wis. 2d 356, 588 N.W.2d 55 (Ct. App. 1998) (holding that a defect is fundamental when the defendant is served by a non-resident of Wisconsin, because the purpose behind § 801.10 has not been met); *Dungan v. County of Pierce,* 170 Wis. 2d 89, 486 N.W.2d 579 (Ct. App. 1992) (holding that when a plaintiff signs a summons pro se,

but directs the defendant to serve the answer on his attorney, the purpose of § 801.09 is fulfilled and the error is only technical).

¶ 29. We agree with the principle that when a pleading that contains a defect nevertheless comports with the purpose and nature of a statute, the defect is generally technical. However, we do not agree that the purpose and intent of § 802.05 have been met under the circumstances of this case. As we have stated, the purpose of § 802.05 is to " 'place a professional obligation on the attorney as an officer of the court to satisfy himself that there are grounds for the action.' " *McMillan- Warner Mut. Ins. Co. v. Kauffman,* 159 Wis. 2d 588, 593, 465 N.W.2d 201 (Ct. App. 1990) (quoting C. Clausen & D. Lowe, *The New Wisconsin Rules of Civil Procedure: Chapters 801 to 803,* 59 Marq. L. Rev. 1, 48 (1976)). When an attorney signs a pleading, the signature verifies that the attorney:

> has read the pleading . . . that to the best of the attorney's . . . knowledge, information and belief, formed after reasonable inquiry, the pleading . . . is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and that the pleading . . . is not used for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Wis. Stat. § 802.05(1)(a). Additionally, a lawyer who properly subscribes a pleading is bound by the rules of professional responsibility and faces professional disciplinary action if the rules are not followed. *See* SCR 20:8.5(a), 21.03(2) (2000); *see also* SCR 10.02, 10.03

(2000). The obligations under those rules include, inter alia, the responsibility not to advance frivolous claims.[3] *See* SCR 20:3.1 (2000).

¶ 30. As evidenced by the above rules and statutes, the subscription requirement is not simply putting ink on paper. Rather, it is a deliberate process by which the lawyer guarantees the validity of a claim. When a lawyer signs a pleading, it is not merely a pro forma act of notarization. Before affixing a signature to pleadings, the lawyer is expected to engage in a moment of reflection, review the facts, consider the law, and satisfy himself or herself that there is a good faith basis on which to commence the action. In this way, the subscription requirement provides an essential protection for the people and businesses of the state to remain free from being sued frivolously or improperly—a protection that is at the core of an attorney's professional responsibility. If we were to adopt Schaefer's argument, we would eliminate the necessary safeguard that the statute provides.

¶ 31. Minimizing the subscription requirement also necessarily weakens attorney accountability. In this case, it is arguable whether or not Fishel could have been held accountable under the Wisconsin rules of professional conduct. Had she been properly admitted pro hac vice, either she or the sponsoring Wisconsin attorney could potentially have been held liable for misconduct. However, here, as we have already pointed out, Fishel's admission was invalid and Weinstine never

---

[3] We note that there is no evidence in the record showing that the claims here were improper or frivolous and we also note that Weinstine has submitted an affidavit attesting to the validity of the claims. However, in assessing the fundamentality of the subscription defect, whether or not the claims were actually valid is not an issue.

511

formally appeared, which makes the answer to the question of whom to hold responsible unclear. The subscription requirement is in place to prevent such uncertainty.

¶ 32. In upholding this fundamental protection, we decline to take up Schaefer's offer to apply the court of appeals' recent decision in *Novak v. Phillips,* 2001 WI App 156, 246 Wis. 2d 673, 631 N.W.2d 635, to the present case. In *Novak,* the court of appeals held that the rubber-stamped signature of the attorney of record on a summons and complaint was a technical defect because it could be corrected.[4] *Id.* at ¶ 2. Schaefer argues that his situation is even less egregious than the one in *Novak* because the substituted signature in this case was made by an attorney from the same firm as the Wisconsin-licensed attorney of record and it was made at the Wisconsin attorney's direction.

¶ 33. We disagree with Schaefer's argument and we now overrule *Novak* to the extent that the court of appeals held that the subscription defect was technical rather than fundamental. As we have stated, the purpose of requiring a handwritten signature, made by the attorney of record, is not only to clarify who is accountable for an invalid claim, but also to guarantee that an attorney who is familiar with the procedural and substantive laws of this state has read the claims and has made an assessment of the claims' validity. Authorizing rubber-stamped signatures or allowing someone who is

---

[4] The court of appeals went on to hold that the defect in the pleading, although technical, still deprived the court of jurisdiction because the defect was prejudicial to the defendant when it was not corrected promptly, as required by Wis. Stat. § 802.05(1)(a). *Novak v. Phillips,* 2001 WI App 156, ¶ 27, 246 Wis. 2d 673, 631 N.W.2d 635.

not licensed to practice law in Wisconsin to sign a pleading runs counter to this guarantee. To hold that a failure to meet the subscription requirement is merely technical jeopardizes judicial economy, erodes attorney accountability, and lessens the essential protection that the subscription requirement affords to defendants.

¶ 34. We think that our holding in *Jadair, Inc. v. United States Fire Insurance Co.,* 209 Wis. 2d 187, is a better analogue to this case. In *Jadair,* the court of appeals held that a fundamental defect existed when a nonlawyer had signed a notice of appeal on behalf of a corporation. *Id.* at 212. The court stated that to allow this type of defect would be contrary to the legislative mandates of the procedural requirements and would evince this court's acceptance of the unauthorized practice of law. *Id.* We think that similar reasoning is applicable in this case.

¶ 35. We also think that the court of appeals' holding in *McMillan-Warner Mutual Insurance v. Kauffman,* 159 Wis. 2d 588, is persuasive. In *McMillan,* the court of appeals upheld the circuit court's decision to strike the plaintiffs' amended summons and complaint because the pleadings were not properly subscribed. *Id.* at 590. The court held that the failure of counsel or the party to subscribe and authorize a summons and complaint is not a " 'non-jurisdictional technicalit[y]' ". *Id.* at 593 (citing *Cruz v. DILHR,* 81 Wis. 2d 442, 449, 260 N.W.2d 692 (1978)). As we mentioned above, the *McMillan* court held that the purpose and effect of the subscription requirement is "to place a professional obligation on the attorney as an officer of the court to satisfy himself that there are grounds for the action, defense or motion." *McMillan,* 159 Wis. 2d at 593 (quoting C. Clausen & D. Lowe, *The*

*New Wisconsin Rules of Civil Procedure: Chapters 801 to 803,* 59 Marq. L. Rev. 1, 48 (1976)). We agree.

¶ 36. Schaefer contends that reliance on *Mc-Millan* is misplaced because the suit in *McMillan* had been filed before several relevant amendments to § 802.05 were enacted. When *McMillan* was decided, the relevant portion of the statute read: "if a pleading is not signed . . . it may be stricken as sham and false . . ." Wis. Stat. § 802.05 (1987–88). The corresponding part of the current statute reads: "If a pleading, motion or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." Wis. Stat. § 802.05 (1999–2000). Schaefer contends that the current statutory language indicates that an unsigned summons and complaint cannot be fundamentally invalid because the legislature has allowed for a corrective action.

¶ 37. To the contrary, we think that the amendments to the statute reinforce our decision. First, the facts of this case do not support Schaefer's argument because the defect in the pleadings was never properly cured by Fishel or by Weinstine. Second, and perhaps more importantly, the clause that provides a pleader the opportunity to correct an improperly subscribed pleading, when read in conjunction with the language that the pleadings "*shall* be subscribed," indicate that the subscription requirement is not only mandatory, but is also important enough to warrant an extra safeguard to make sure it is accomplished. This allowance for corrective action actually promotes the goals of judicial economy and integrity that underpin the subscription requirement, and further indicates that the failure to properly subscribe a pleading is a fundamental defect.

## III

¶ 38. Because we hold that there was a defect, that Schaefer's attorneys were unable to cure that defect, and that the defect was fundamental in nature, the circuit court did not gain jurisdiction over the defendant. Because we conclude that the defect was fundamental, we are not required to examine whether or not Riegelman was prejudiced by the defect. *Jadair,* 209 Wis. 2d at 213; *Gaddis,* 198 Wis. 2d at 402. Because the circuit court lacked jurisdiction, it properly dismissed Schaefer's claim, and we therefore uphold the circuit court's grant of summary judgment in favor of Riegelman.

*By the Court.*—The judgment of the circuit court is affirmed.

¶ 39. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE (*dissenting*). I agree that the original summons and complaint at issue in the present case contain a defect and that the second summons and complaint are not perfect. However, I disagree with the majority that the defects are of sufficient magnitude to justify dismissal of the action. Therefore, I dissent.

¶ 40. When the purpose and intent of a statute have been fulfilled, defects in its fulfillment are technical in nature.[1] The statute in the present case, Wis. Stat. § 802.05(1)(a), states, in relevant part, that every pleading shall be subscribed with the handwritten signature of at least one attorney of record. The purpose and intent of Wis. Stat. § 802.05(1)(a) are to place

---

[1] *See, e.g., Dungan v. County of Pierce,* 170 Wis. 2d 89, 98–99, 486 N.W.2d 579 (Ct. App. 1992).

a professional obligation on attorneys to satisfy themselves that there are grounds for an action.[2]

¶ 41. The purpose and intent of Wis. Stat. § 802.05 were fulfilled in the present case because both Attorney Fishel and Attorney Weinstein bound themselves to the rules of professional conduct by their actions. Unlike the majority, which concludes that it is unclear whom to hold responsible, I conclude that both Attorney Weinstein and Attorney Fishel were subject to the Wisconsin rules of professional conduct to ensure accountability for their conduct as attorneys in Wisconsin and to provide the protection afforded to litigants by the subscription requirement.

¶ 42. In the present case, the summons and complaint dated August 16, 1999, were not filed unsigned, nor were they merely "signed" using a rubber stamp.[3] Rather, the summons and complaint were signed by not one, but two, attorneys. Attorney Fishel, licensed to practice law in Minnesota, subscribed Attorney Weinstein's name in her (Attorney Fishel's) own handwriting. Attorney Fishel did so with the knowledge, authorization, and express authority of Attorney Weinstein, who was licensed to practice law in Wisconsin. That signature begins this saga.

¶ 43. To allow Attorney Fishel to correct the defect by refiling the documents, Wisconsin Attorney Tourek moved the circuit court on August 31, 1999, to admit Attorney Fishel and Attorney Gleekel pro hac

---

[2] *McMillan-Warner Mut. Ins. Co. v. Kauffman,* 159 Wis. 2d 588, 593, 465 N.W.2d 201 (Ct. App. 1990).

[3] *See Novak v. Phillips,* 2001 WI App 156, ¶ 27, 246 Wis. 2d 673, 631 N.W.2d 635, which the majority now overrules to the extent that the court of appeals held that a rubber stamp subscription was a technical rather than fundamental defect.

<br>

vice. The circuit court granted Attorney Fishel and Attorney Gleekel leave to appear as counsel for Schaefer.[4]

¶ 44. On September 16, 1999, Attorney Fishel submitted an amended summons and complaint. She subscribed the summons in her own handwriting and showed her pro hac vice status, attaching the original complaint, signed by her on behalf of Attorney Weinstein. According to the majority opinion, the fact that the original complaint still had the original signatures is a fatal defect.

¶ 45. While I agree with the majority that Attorney Weinstein's failure to personally subscribe the original summons and complaint was a defect under Wis. Stat. § 802.05 and that the amended summons would have been "tidier" had it been accompanied by a newly

---

[4] Supreme Court Rule 10.03(4) states:

> A judge in this state may allow a nonresident counsel to appear in his or her court and participate in a particular action or proceeding in association with an active member of the state bar of Wisconsin who appears and participates in the action or proceeding. Permission to the nonresident lawyer may be withdrawn by the judge granting it if the lawyer by his or her conduct manifests incompetency to represent a client in a Wisconsin court or by his or her unwillingness to abide by the rules of professional conduct for attorneys and the rules of decorum of the court.

This pro hac vice representation began on August 31, 1999, and did not date back to the original documents to remedy the defective signature on the original documents. Majority op. at ¶ 9; Transcript, Motion Hearing June 27, 2000, Record 32–17.

Attorney Fishel and Attorney Gleekel remained as counsel of record for Schaefer, with their last filing, dated August 8, 2000, being a motion to the circuit court to reconsider its decision.

signed complaint, these defects should not deprive the circuit court of personal jurisdiction.[5]

¶ 46. This court traditionally avoids dismissing actions based on nonprejudicial technicalities.[6] There is no evidence in the present case that the claims were frivolous or improper or that any prejudice resulted. The defendants in the present case were doubly or triply protected. Two attorneys (and maybe even three attorneys) were responsible to the defendants for any misconduct.

¶ 47. The majority seems offended that the attorneys could not get it right a second time and failed to try a third time. I agree that the resubmission may be viewed as imperfect. But what's the big deal?

¶ 48. This case is much ado about nothing. It is really a trivial pursuit. It elevates form over substance, resulting in a litigant being thrown out of court.

¶ 49. For the reasons set forth, I cannot join this opinion.

¶ 50. I am authorized to state that Justices ANN WALSH BRADLEY and DAVID T. PROSSER join this opinion.

---

[5] The statutes are clear that the defect in the summons and complaint does not deprive the circuit court of subject matter jurisdiction. Wisconsin Stat. § 801.04(1) provides: "Nothing in chs. 801 to 847 affects the subject matter jurisdiction of any court of this state."

[6] *Gaddis v. La Crosse Products,* 198 Wis. 2d 396, 407–08, 542 N.W.2d 454 (1996).