Kathleen SELAIDEN, Plaintiff-Appellant,

v.

COLUMBIA HOSPITAL, Sentry Insurance, The Connecticut Indemnity Company and Labor & Industry Review Commission, Defendants-Respondents.

Court of Appeals

*No. 01–2046. Submitted on briefs February 5, 2002.—Decided March 5, 2002.*

2002 WI App 99

(Also reported in 644 N.W.2d 690.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Michael H. Gillick* of *Murphy, Gillick, Wicht and Prachthauser*, Milwaukee.

On behalf of the defendants-respondents, Columbia Hospital and Sentry Insurance, the cause was submitted on the brief of *Daniel L. Zitzer* of *Otjen, Van Ert, Lieb & Weir, S.C.*, Milwaukee.

On behalf of the defendants-respondents, Columbia Hospital and The Connecticut Indemnity Company/Royal and SunAlliance, the cause was submitted on the brief of *Roland C. Cafaro* of *Halling & Cayo, S.C.*, Milwaukee.

Before Fine, Schudson and Curley, JJ.

¶ 1. FINE, J. This is a worker's compensation case. Kathleen Selaiden appeals from an order dismissing her appeal of an adverse ruling by the Labor and Industry Review Commission.[1] We reverse.

## I.

¶ 2. Selaiden worked for Columbia Hospital and claims that she was injured by a patient during the course of her work. An Administrative Law Judge determined that Selaiden had a compensable injury. The Commission reversed. Selaiden then sought review by the circuit court.

¶ 3. WISCONSIN STAT. § 102.23(1) governs appeals of Commission orders. WIS. STAT. § 102.23(1)(a) (Commission determinations are "subject to review only as provided in this section and not under ch. 227 or s. 801.02."). Under § 102.23(1)(a), "any party aggrieved" by a Commission order may seek circuit court review if he or she files, within thirty days of the Commission's order, a summons and complaint with the clerk of the circuit court. Section 102.23(1)(a) requires that every "adverse party shall also be made a defendant."[2] *See*

---

[1] Selaiden's notice of appeal mistakenly characterizes the trial court's order as a "judgment."

[2] As material here, WIS. STAT. § 102.23(1) provides:

(a) The findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive. The order or award granting or denying compensation, either interlocutory or final, whether judgment has been rendered on it or not, is subject to review only as provided in this section and not under ch. 227 or s. 801.02. Within 30 days after the date of an order or award made by the commission either originally or after the filing of a petition for review with the department under s. 102.18 any party

*also Miller Brewing Co. v. Labor & Indus. Review Comm'n,* 173 Wis. 2d 700, 708, 721–722, 495 N.W.2d 660, 662, 668 (1993) (worker's compensation); *Brandt v. Labor & Indus. Review Comm'n,* 166 Wis. 2d 623, 626, 634–635, 480 N.W.2d 494, 495, 499 (1992) (unemployment compensation).

¶ 4. The Commission's order was entered on August 10, 2000. On August 22, 2000, Selaiden filed her summons and complaint in the circuit court seeking review of that order. Both the summons and the complaint named Sentry Insurance as a defendant. Selaiden timely served Sentry with the summons and complaint. The body of the complaint, however, did not mention Sentry. By letter dated September 28, 2000, Selaiden sent to the trial court an amended complaint for filing, purportedly pursuant to WIS. STAT. RULE

---

aggrieved thereby may by serving a complaint as provided in par. (b) and filing the summons and complaint with the clerk of the circuit court commence, in circuit court, an action against the commission for the review of the order or award, in which action the adverse party shall also be made a defendant. If the circuit court is satisfied that a party in interest has been prejudiced because of an exceptional delay in the receipt of a copy of any finding or order, it may extend the time in which an action may be commenced by an additional 30 days. The proceedings shall be in the circuit court of the county where the plaintiff resides, except that if the plaintiff is a state agency, the proceedings shall be in the circuit court of the county where the defendant resides. The proceedings may be brought in any circuit court if all parties stipulate and that court agrees.

(b) In such an action a complaint shall be served with an authenticated copy of the summons. The complaint need not be verified, but shall state the grounds upon which a review is sought. Service upon a commissioner or agent authorized by the commission to accept service constitutes complete service on all parties, but there shall be left with the person so served as many copies of the summons and complaint as there are defendants, and the commission shall mail one copy to each other defendant.

557

802.09, which permits a party to "amend the party's pleading once as a matter of course at any time within 6 months after the summons and complaint are filed." This "amended" complaint, stylized merely as "complaint" (uppercasing omitted), was filed on September 29, 2000, fifty days after entry of the Commission's order. It asserted as its only allegation naming Sentry: "That the defendant, Sentry Insurance Company is a corporation organized and existing under and by virtue of the law of the state of Wisconsin with its principal offices at P.O. Box 8032 Stevens Point, Wisconsin."

¶ 5.   In a written decision and order, the trial court granted Sentry's motion to dismiss. The trial court concluded, and the parties do not dispute, that Sentry, the compensation carrier for Selaiden's employer, is "adverse" to her. The trial court dismissed Selaiden's complaint because the version filed within thirty days of the Commission's order did not mention Sentry in the body of the complaint and, therefore, the trial court did not have competency to decide the merits of Selaiden's appeal.

## II.

¶ 6.   The issue presented by this appeal is whether Selaiden complied with WIS. STAT. § 102.23(1) by naming Sentry in the caption to a summons and complaint that were timely filed and served, even though Sentry was not mentioned in the complaint's body. This is a matter of law that we review *de novo*. *Miller Brewing Co.*, 173 Wis. 2d at 711, 495 N.W.2d at 664. We hold that she did.[3]

---

[3] In light of our conclusion that Selaiden complied with WIS. STAT. § 102.23(1), we do not decide whether a party may, pur-

¶ 7. We start with the observation that mere technical defects in proceedings do not deprive a circuit court of competence to hear a matter because "the entire tenor of modern law is to prevent the avoidance of adjudication on the merits by resort to dependency on non-prejudicial and non-jurisdictional technicalities." *Cruz v. Department of Indus., Labor & Human Relations*, 81 Wis. 2d 442, 445–446, 449, 260 N.W.2d 692, 693–694 (1978) (caption designating venue as Milwaukee County did not deprive circuit court of competence to hear appeal of denial of worker's compensation benefits, where action was properly commenced in Dane County as was then required by statute). Thus, we look to the reasons underlying a rule to determine whether an alleged miscue is a mere technical defect that does not prejudice either the parties or the system of justice, or is a fundamental defect that deprives the circuit court of competency. *Novak v. Phillips*, 2001 WI App 156, ¶ 17, 246 Wis. 2d 673, 683, 631 N.W.2d 635, 640 ("Whether the defect is technical or fundamental is resolved by analyzing the purposes of the statute and the type of action involved. If the purpose of the statutory rule is fulfilled, then we consider the defect to be technical and not fundamental.") (internal citation omitted), overruled on other grounds by *Schaefer v. Riegelman*, 2002 WI 18, 250 Wis. 2d 494, 639 N.W. 2d 715; *see Brandt*, 166 Wis. 2d at 634, 480 N.W.2d at 499 (failure to join adverse party as a

suant to Wis. Stat. Rule 802.09, amend after the expiration of thirty days a complaint filed under § 102.23(1). *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed); *State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989) ("cases should be decided on the narrowest possible ground").

defendant is a "fundamental defect" even though adverse party knew of proceeding because "knowledge that a suit is pending is not the equivalent of service") (quoted source omitted). *See also Schaefer*, 2002 WI 18 at ¶ 13.

¶ 8. There are three interrelated purposes underlying the requirement in WIS. STAT. § 102.23(1)(a) that a party seeking judicial review of a determination by the Commission name as a defendant every "adverse party." First, "[f]ailure to name a party in the summons and complaint deprives that party of [formal] notice that an action has been commenced against it." *Brandt*, 166 Wis. 2d at 634, 480 N.W.2d at 499. Second, not making the adverse party a defendant "precludes that party from being bound by a decision of the court," or, at the very least, would spur litigation as to whether that party was bound. *Ibid.*; *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723, 727 (1995) (principles of claim preclusion can bind not only parties to an action but also their "privies"). Third, naming as a defendant every adverse party assures that the reviewing court will have the benefit of the argument of all parties who might have an interest in the court's ruling. *Brandt*, 166 Wis. 2d at 634, 480 N.W.2d at 499 ("[I]ncluding all necessary parties assures just, complete, and binding adjudication with respect to all persons who have an interest in the particular controversy.").

¶ 9. Here, Sentry was named as a defendant in both the timely summons and the timely complaint. Additionally, Sentry was timely served with the documents. Thus, unlike the situation where an adverse party has only anecdotal knowledge of the appeal from

the Commission's determination, *see id.*, 166 Wis. 2d at 634, 480 N.W.2d at 499; *Holley v. Department of Indus., Labor & Human Relations*, 39 Wis. 2d 260, 268, 158 N.W.2d 910, 913 (1968), Sentry not only had formal notice of the pendency of the appeal from the Commission's determination in its favor, but it also knew the grounds upon which the appeal was based because those grounds were set out in the complaint.[4] Thus, Sentry could appear, defend its position, and would be bound by any result. The only thing "missing" from the original complaint was the allegation about Sentry's corporate status and address. But this allegation added nothing to Sentry's ability to defend its position; conversely, absence of this perfunctory allegation did not impede Sentry from defending its interests in the circuit court review. The failure to mention Sentry in the body of the complaint was, at the most, *de minimis*.

██

¶ 10.    Sentry argues, however, that its inclusion as a named party defendant in both the summons and in the caption to the complaint did not satisfy Wis. Stat. § 102.23(1)(a) because, in the words of *Nigbor v.*

---

[4] The complaint alleged in its substantive part that Selaiden was "aggrieved" by the Commission's determination because its "decision is based upon an erroneous application of worker's compensation law, and is not supported by the evidence." None of the parties argues that this allegation of Commission error is insufficient to give the circuit court competence to decide the issues raised by Selaiden's appeal. As noted, the only contention is that not mentioning Sentry in the body of the original complaint violated the command in Wis. Stat. § 102.23(1)(a) that Sentry, as an adverse party, "be made a defendant." As discussed in the main body of this opinion, that condition was met.

*Department of Industry, Labor and Human Relations*, 120 Wis. 2d 375, 381, 355 N.W.2d 532, 536 (1984), a complaint's "caption is not a part of a pleading and . . . the nature of an action must be determined from the allegations of a pleading rather than its caption." In *Nigbor*, a party seeking review of an adverse worker's-compensation decision named the wrong agency-defendant in the complaint's caption (the Department rather than the Commission). *Id.*, 120 Wis. 2d at 378, 355 N.W.2d at 534. *Nigbor* held the misnomer to be a mere technical error because the body of the complaint "clearly showed that her grievance was against the Commission." *Id.*, 120 Wis. 2d at 381, 355 N.W.2d at 536. Similarly here, the body of Selaiden's timely complaint clearly indicated the nature of her grievance—against all the adverse parties named as defendants, including Sentry. As in *Nigbor*, the allegations of the timely-filed complaint here described the "nature of the action" commenced by Selaiden, her grievance against the adverse parties including Sentry, as well as the relief she sought. *Nigbor* and the other authorities Sentry cites for the unremarkable proposition that a claim is framed by allegations in the complaint are inapposite. Accordingly, we reverse the order of the circuit court and remand for its determination of the merits of Selaiden's appeal from the Commission's decision denying her benefits.

*By the Court.*—Order reversed and cause remanded with directions.