X<small>CEL</small> E<small>NERGY</small> S<small>ERV</small>., I<small>NC</small>.,
Petitioner-Appellant,†

v.

L<small>ABOR AND</small> I<small>NDUSTRY</small> R<small>EVIEW</small> C<small>OMMISSION</small>
and John Smoczyk,
Respondents-Respondents.

Court of Appeals

*No. 2011AP203. Submitted on briefs December 14, 2011.*
*—Decided January 24, 2012.*

2012 WI App 19

(Also reported in 810 N.W.2d 865.)

† Petition for Review filed.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Timothy S. Crom* and *Matthew P. Bandt* of *Jardine, Logan & O'Brien, P.L.L.P.*, Lake Elmo, MN.

On behalf of the respondent-respondent, Labor and Industry Review Commission, the cause was submitted on the brief of *Richard Briles Moriarty*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Hoover, P.J., Peterson, J., and Thomas Cane, Reserve Judge.

¶ 1. CANE, J. We are again presented with a dispute concerning the meaning of WIS. STAT. § 102.23(1)(a), which requires that a party aggrieved by a decision of the Labor and Industry Review Commission name all adverse parties as defendants when seeking circuit court review.[1] The Commission maintains that Xcel Energy Services, Inc.'s complaint must be dismissed on the ground that Xcel failed to name its worker's compensation insurance carrier as a party. We conclude that *Miller Brewing Co. v. Labor & Industry Review Commission*, 166 Wis. 2d 830, 480 N.W.2d 532 (Ct. App. 1992), *aff'd* 173 Wis. 2d 700, 495 N.W.2d 660 (1993) (*Miller I*), required Xcel to name its insurer. Accordingly, we reverse and, on remand, direct the circuit court to dismiss Xcel's complaint.

## BACKGROUND

¶ 2. John Smoczyk was injured on the job in January 2007 and applied for worker's compensation benefits. He was awarded temporary disability, but the administrative law judge deferred a decision regarding permanent total disability and loss of earning capacity until Smoczyk received additional diagnostic tests.

¶ 3. Smoczyk renewed his claim for permanent total disability on August 11, 2009. The administrative law judge concluded Smoczyk sustained a permanent partial disability of sixty percent and awarded monetary damages. On appeal, the Commission deemed Smoczyk permanently and totally disabled.

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

¶ 4. Xcel filed an action for circuit court review of the Commission's decision, naming the Commission and Smoczyk as respondents. Xcel's worker's compensation insurer, Ace American Insurance Co., was not named as a party in the circuit court action, though it had been joined throughout the administrative proceedings.[2]

¶ 5. The Commission moved to dismiss on competency grounds. It maintained that the circuit court lacked competency to hear the action because Xcel failed to include Ace as a party. In a final order dated December 14, 2010, the circuit court denied the Commission's motion to dismiss, but confirmed the Commission's order.

## DISCUSSION

¶ 6. Xcel now appeals. It asserts that the Commission acted without authority and in excess of its powers and that its decision is not supported by substantial and credible evidence. We decline to reach the merits of Xcel's appeal because we conclude the circuit court lacked competency to adjudicate the action.

¶ 7. Competency refers to a court's ability to exercise the subject matter jurisdiction vested in it by the state constitution. *See Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶¶ 8–9, 273 Wis. 2d 76, 681 N.W.2d 190. "[A] failure to comply with a statutory mandate

---

[2] Smoczyk's claim was apparently handled by Cannon Cochrane Management Services Inc., on Ace's behalf. Cannon Cochrane is used interchangeably with Ace throughout the administrative record. We will simply refer to the insurer in this opinion as "Ace."

pertaining to the exercise of subject matter jurisdiction may result in a loss of the circuit court's competency to adjudicate the particular case before the court." *Id.*, ¶ 9. A judgment rendered by a court lacking competency is invalid. *Id.*, ¶ 14.

¶ 8. Circuit courts are empowered by WIS. STAT. § 102.23 to review, within certain limits, decisions regarding worker's compensation claims. The statute requires that the party seeking judicial review must join the "adverse party." WIS. STAT. § 102.23(1)(a); *see also Brandt v. Labor & Indus. Review Comm'n*, 160 Wis. 2d 353, 367, 466 N.W.2d 673 (Ct. App. 1991), *aff'd* 166 Wis. 2d 623, 480 N.W.2d 494 (1992). This requirement "travels to the circuit court's competency to proceed because it addresses a threshold requirement which must be satisfied before the circuit court may act." *Brandt*, 160 Wis. 2d at 367.

¶ 9. The phrase "adverse party" has spawned considerable litigation. It obviously includes the party in whose favor the compensation award was made. *Miller Brewing Co. v. Labor & Indus. Review Comm'n*, 173 Wis. 2d 700, 713, 495 N.W.2d 660 (1993) (*Miller II*) (citing *Gough v. Industrial Comm'n*, 165 Wis. 632, 162 N.W.2d 434 (1917); *Hammond-Chandler Lumber Co. v. Industrial Comm'n*, 163 Wis. 596, 158 N.W. 292 (1916)). It also includes any party "whose interest is in conflict with the modification or reversal of the administrative decision sought by the action for judicial review . . . ." *Miller II*, 173 Wis. 2d at 716 (citing *Brandt*, 166 Wis. 2d at 631–32). In addition, an adverse party is any party whose interests were adverse in the administrative proceedings. *Id.* at 715 (citing *Holley v. Department of Indus., Labor, & Human Relations*, 39 Wis. 2d 260, 264–65, 158 N.W.2d 910 (1968)).

¶ 10. The phrase "adverse party" received its broadest reading, though, in *Miller I*. In that case, the claimant's post-traumatic stress disorder was aggravated by instances of workplace harassment. *Miller I*, 166 Wis. 2d at 834. Two administrative law judges awarded benefits and concluded that the claimant's disability date was January 20, 1983. *Id*. Twin City Fire Insurance Company, which insured the employer as of January 1, 1983, was found liable, and National Union Fire Insurance, Twin City's predecessor, was dismissed from the case. *Id*. at 834–35. On appeal to the Commission, the date of disability was reversed, and the Commission concluded that the first date of disability was April 23, 1981, at which time National Union was the employer's insurer. *Id*. at 835. The employer and National Union sought circuit court review, but did not name Twin City a defendant so the circuit court dismissed the action. *Id*.

¶ 11. The sole issue on appeal was whether Twin City was an "adverse party" under WIS. STAT. § 102.23(1)(a). *Miller I*, 166 Wis. 2d at 836. We concluded that Twin City was an adverse party under the *Hammond-Chandler, Gough, Brandt*, and *Holley* standards. *Id*. at 838–39, 840–41. However, we adopted an additional standard that also required Twin City to be joined. An "adverse party" for worker's compensation actions in circuit court "includes any party bound by the Commission's order or award granting or denying compensation to the claimant." *Id*. at 842. "The interests of an adverse party need not necessarily be . . . adverse to the party filing a circuit court action." *Id*. For example, even if no adversity existed among Twin City, National Union, and the employer, Twin City would nonetheless have to be joined because it was "at one time an adverse party to [the claimant]." *Id*. at 839. "Since [the claim-

ant] looked to both Twin City and National Union for compensation, Twin City is an adverse party under sec. 102.23(1), Stats." *Id.*

¶ 12.   Under the *Miller I* standard—requiring joinder of all parties bound by the Commission's order or award—Ace was unquestionably an adverse party. Smoczyk sought compensation from Ace, and Ace, as a party to the Commission proceedings, was bound by the Commission's award.

¶ 13.   Xcel objects that the Wisconsin Supreme Court, on direct review of our decision in *Miller I*, did not hold that all parties bound by the Commission's order or award are considered adverse. That is a true statement. The supreme court declined to evaluate that rationale, *see Miller II*, 173 Wis. 2d at 716 n.8, resting its conclusion instead on previous interpretations of the phrase "adverse party," *id.* at 716–18. However, *Miller I* is a published, precedential decision from this court, and we are therefore obligated to follow it. *See Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246 (1997) (court of appeals may not overrule, modify or withdraw language from its published opinions).

¶ 14.   Finally, Xcel asserts that we may not consider the Commission's competency argument because it has not filed a cross-appeal. However, if the circuit court reaches the correct conclusion, it should be sustained, even if on a different theory. *Liberty Trucking Co. v. Department of Indus., Labor, & Human Relations*, 57 Wis. 2d 331, 342, 204 N.W.2d 457 (1973). Although we usually affirm in such instances, here we must reverse; because the circuit court lacked competency, it had no authority but to dismiss the petition. *See State v. One 2000 Lincoln Navigator*, 2007 WI App 127, ¶ 3, 301 Wis. 2d 714, 731 N.W.2d 375. The end result is the

same; the Commission's decision stands. In any event, given the important interests underlying WIS. STAT. § 102.23(1)(a)'s joinder requirement, *see Selaiden v. Columbia Hospital*, 2002 WI App 99, ¶ 8, 253 Wis. 2d 553, 644 N.W.2d 690, we conclude that review of the court's competency is appropriate in this case under WIS. STAT. § 752.35, *see Mikrut*, 273 Wis. 2d 76, ¶ 27.

*By the Court.*—Order reversed and cause remanded with directions.