STATE of Wisconsin, Plaintiff-Respondent,

v.

ONE 2000 LINCOLN NAVIGATOR,
its Tools and Appurtenances and
Ellie D. Powell-Hampton, Defendants-Appellants,

v.

Lamont D. POWELL, Defendant.

Court of Appeals

*No. 2006AP2016. Submitted on briefs February 27, 2007.
—Decided March 27, 2007.*

2007 WI App 127

(Also reported in 731 N.W.2d 375.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Nicholas C. Zales* of *Zales Law Office*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *William J. Domina*, corporation counsel by *John F. Jorgensen*, principal assistant corporation counsel of Milwaukee.

Before Wedemeyer, P.J., Fine and Curley, JJ.

¶ 1. FINE, J. Ellie D. Powell-Hampton appeals the circuit court's order dismissing without prejudice the State of Wisconsin's forfeiture petition against her and One 2000 Lincoln Navigator, its Tools and Appurtenances. The circuit court dismissed the forfeiture petition because there was no hearing on the petition within sixty days of Powell-Hampton's answer, as required by WIS. STAT. § 961.555(2)(b). Powell-Hampton contended that the dismissal should have been with

prejudice. We agree. Accordingly, we modify the circuit court's order to reflect that the dismissal is final and that the State may not circumvent the statutory time limit by filing a new forfeiture petition based on the same facts. *See* WIS. STAT. § 808.09 ("Upon an appeal from a judgment or order an appellate court may . . . modify the judgment or order as to any or all of the parties.").

## I.

¶ 2. The material facts here are not disputed. In December of 2005, the State started a forfeiture action against Powell-Hampton, the Navigator, and Powell-Hampton's son Lamont D. Powell. The forfeiture petition alleged that Powell was the Navigator's "actual owner," that Powell-Hampton was the Navigator's "registered owner," and that the Navigator "was used to facilitate the transportation of cocaine" in violation of WIS. STAT. § 961.55, and was, therefore, subject to forfeiture under § 961.55(1).[1] Section 961.55(2) permits seizure of property, including motor vehicles, that are subject to forfeiture under WIS. STAT. ch. 961, because, among other things they were "used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of" controlled substances. Sec. 961.55(1)(d).[2] WISCONSIN STAT. § 961.555(2)(a) requires that an action seeking

---

[1] Powell defaulted and his interest, if any, is not implicated by this appeal.

[2] WISCONSIN STAT. § 961.55 reads, as material:

(1) The following are subject to forfeiture:

(a) All controlled substances or controlled substance analogs which have been manufactured, delivered, distributed, dispensed or acquired in violation of this chapter.

716

forfeiture of property seized under § 961.55 be commenced "within 30 days after the seizure."[3] No one on this appeal contends that the Navigator was not subject to forfeiture or disputes that the State's forfeiture

(b) All raw materials, products and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, distributing, importing or exporting any controlled substance or controlled substance analog in violation of this chapter.

. . . .

(d) All vehicles which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in pars. (a) and (b) . . .

. . . .

(2) Property subject to forfeiture under this chapter may be seized . . .

[3] WISCONSIN STAT. § 961.555 reads, as material:

(2) COMMENCEMENT. (a) The district attorney of the county within which the property was seized shall commence the forfeiture action within 30 days after the seizure of the property, except that the defendant may request that the forfeiture proceedings be adjourned until after adjudication of any charge concerning a crime which was the basis for the seizure of the property. The request shall be granted. The forfeiture action shall be commenced by filing a summons, complaint and affidavit of the person who seized the property with the clerk of circuit court, provided service of authenticated copies of those papers is made in accordance with ch. 801 within 90 days after filing upon the person from whom the property was seized and upon any person known to have a bona fide perfected security interest in the property.

(b) Upon service of an answer, the action shall be set for hearing within 60 days of the service of the answer but may be continued for cause or upon stipulation of the parties.

(c) In counties having a population of 500,000 or more, the district attorney or corporation counsel may proceed under par. (a).

717

action was commenced timely. Rather, the focus is on § 961.555(2)(b), which provides, as material here: "Upon service of an answer, the action shall be set for hearing within 60 days of the service of the answer." No hearing on the State's forfeiture petition was held within sixty days of Powell-Hampton's filing and service of her amended answer, and, accordingly, the circuit court granted Powell-Hampton's motion to dismiss, but, as noted, made the dismissal "without prejudice."[4] Nine days later, the State filed another forfeiture petition against Powell-Hampton and the Navigator, based on the same facts that underlay the first forfeiture petition. The circuit court, the Honorable Patricia D. McMahon presiding, stayed, on the parties' stipulation, that action pending the resolution of this appeal.

## II.

■■■■

¶ 3. The sixty-day limit in Wis. Stat. § 961.555(2)(b) is mandatory and a forfeiture petition must be dismissed unless the requisite hearing is held within the sixty-day period because a person may not be deprived of his or her property "for an indefinite time" without a prompt judicial assessment of whether forfeiture is justified. *See State v. Baye,* 191 Wis. 2d 334, 339–340, 528 N.W.2d 81, 83 (Ct. App. 1995); *see also State v. Rosen,* 72 Wis. 2d 200, 204, 206–208, 240 N.W.2d 168, 170, 171–172 (1976) (applying a predecessor provision identical, as material, to § 961.555(2)(b)). Although it is true, as the State points out, that the

---

[4] The circuit court permitted Powell-Hampton to file and serve an amended answer. The State does not dispute either the form or timeliness of Powell-Hampton's amended answer.

statute does not indicate whether a dismissal for non-compliance with § 961.555(2)(b) should be with prejudice or without prejudice, if the State could, as it tried here, avoid the statute's sixty-day command by the simple expedient of filing a new forfeiture petition based on the same facts, the sixty-day limitation would be meaningless. *See Kindcare, Inc. v. Judith G.*, 2002 WI App 36, ¶ 3, 250 Wis. 2d 817, 821, 640 N.W.2d 839, 841 (protective placement) ("We hold that the circuit court loses competence if the probable-cause hearing is not held within seventy-two hours after the person is first taken into custody, and that the mere filing of a new petition does not start the clock anew."). Accordingly, once the sixty-day period mandated by § 961.555(2)(b) has expired, the circuit court loses competency, and the State may not start the clock running anew by filing another forfeiture petition based on the same facts. Thus, the new action is a nullity, and the circuit court's order of dismissal is modified to be a dismissal with prejudice.[5]

*By the Court.*—Order modified.

---

[5] The State argues that because the circuit court lost competency once the sixty days mandated by Wis. Stat. § 961.555(2)(b) expired, it had no competency to do anything further in the case, and that this permitted the State to file its forfeiture petition again. We disagree. An appeal from the circuit court cannot be taken without a writing reifying the circuit court's action. *See* Wis. Stat. § 808.03(1). Thus, *Brandt v. Labor & Industry Review Commission*, 166 Wis. 2d 623, 627, 480 N.W.2d 494, 496 (1992), recognized that dismissal is appropriate where a circuit court lacks competency to adjudicate the matter before it.