**2023 WI APP 52**

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:    2021AP1849

Complete Title of Case:

**STATE OF WISCONSIN,**

    **PLAINTIFF-RESPONDENT,**

    **V.**

**TROY ALLEN LANNING,**

    **DEFENDANT-APPELLANT.**

| | |
|---|---|
| Opinion Filed: | September 19, 2023 |
| Submitted on Briefs: | December 27, 2022 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Stark, P.J., Hruz and Gill, JJ. |
| Concurred: | |
| Dissented: | |

Appellant
ATTORNEYS:    On behalf of the defendant-appellant, the cause was submitted on the briefs of *Thomas O. Mulligan*, Spooner.

Respondent
ATTORNEYS:    On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Joshua L. Kaul*, attorney general, and *Abigail C. S. Potts*, assistant attorney general.

**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 19, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* **WIS. STAT. § 808.10 and RULE 809.62.**

Appeal No. **2021AP1849**

**STATE OF WISCONSIN**

Cir. Ct. No. **2020CV55**

**IN COURT OF APPEALS**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

TROY ALLEN LANNING,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Burnett County: MELISSIA R. MOGEN, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

¶1 HRUZ, J. Troy Lanning appeals an order denying the State's motion to dismiss a civil forfeiture action against him.[1] Lanning argues that the circuit court

---

[1] On January 31, 2022, we granted Lanning's petition for leave to appeal a nonfinal order. *See* WIS. STAT. RULE 809.50(3) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

lost competency to proceed with that action because the court failed to hold a hearing within sixty days of his answer to the State's forfeiture complaint, as required by WIS. STAT. § 961.555(2)(b) and our holding in *State v. One 2000 Lincoln Navigator*, 2007 WI App 127, 301 Wis. 2d 714, 731 N.W.2d 375. Lanning further contends that the sixty-day hearing deadline in subsec. (2)(b) applies even if the forfeiture proceedings are automatically adjourned under subsec. (2)(a).

¶2      We reject Lanning's arguments. WISCONSIN STAT. § 961.555(2)(a) automatically adjourns forfeiture proceedings "until after the defendant is convicted of any charge concerning a crime which was the basis for the seizure of the property." *See id.* In order to give reasonable effect to that mandatory adjournment, we conclude that the sixty-day hearing deadline in subsec. (2)(b) cannot begin until after the defendant's requisite conviction. Once the defendant has been convicted of a requisite charge and has filed an answer to the State's forfeiture complaint, the circuit court is required to hold a hearing within sixty days or else it loses competency pursuant to our holding in *One 2000 Lincoln Navigator*. Here, because Lanning had not yet been convicted of a charge that was the basis for the seizure of his property, the forfeiture proceedings were adjourned under subsec. (2)(a), and the court could not lose competency under subsec. (2)(b). We therefore affirm.

## BACKGROUND

¶3      In the spring of 2020, the State charged Lanning with several felony drug offenses in Burnett County case No. 2020CF153 and it filed a separate action against Lanning seeking forfeiture of drug-related money. In addition to those two cases, the State also filed a second civil forfeiture action—the action at issue in this appeal—seeking forfeiture of a parcel of real property that Lanning allegedly used to distribute and deliver methamphetamine and "used in the commission of a felony

under [WIS. STAT. ch.] 961." *See* WIS. STAT. § 961.555(2). The real property was apparently Lanning's residence for some period of time and included a pole barn with a residential apartment inside of the barn. Lanning filed an answer to the State's forfeiture complaint on June 29, 2020.

¶4     The parties eventually reached a global plea agreement in which Lanning would not contest the forfeiture of the drug-related money and would plead guilty to one count of possessing methamphetamine with intent to sell or to deliver. In exchange, the State agreed to dismiss the civil forfeiture action involving the real property and to recommend that the remaining charges be dismissed and read in at sentencing.

¶5     In April 2021, the circuit court held a hearing to consider whether the parties' plea agreement was in the public interest. As relevant to this appeal, the district attorney informed the court that he had never intended to file this civil forfeiture action because, based on his research and conversations with other prosecutors, it would be "a nightmare" to try to obtain title to the property. He further noted, however, that an assistant district attorney had filed this action "without [his] knowledge … [or] consent." Thus, the district attorney offered to dismiss this action as part of the plea agreement. Lanning also argued in support of the plea agreement.

¶6     The circuit court agreed that the proposed resolution of the criminal charges would serve the public interest. The court, however, disagreed that the State had the authority to dismiss the forfeiture action. In fact, the court concluded that the State was required to both initiate the forfeiture action and seek forfeiture of the property:

> With some property, the [d]istrict [a]ttorney has no choice, no choice, but to initiate a forfeiture action under [WIS. STAT. §] 961.55.
>
>   ....
>
> Here, the [d]istrict [a]ttorney had no choice under the statute. There was no choice but to initiate a forfeiture action because this property falls under contraband and falls under a forfeiture, so an action must be filed.
>
> Because the forfeiture action was brought by the State, *it must continue to proceed*.

(Emphasis added.)  In support of that conclusion, the court stated that the property at issue "may constitute contraband under [WIS. STAT. §] 968.13(1)(a)" and, therefore, need not be returned to the owner under WIS. STAT. § 968.20.  For those reasons, the court concluded that it "cannot accept a plea where the State does not continue to pursue the forfeiture."

¶7      After the circuit court's decision, the parties engaged in further plea negotiations.  In the midst of those negotiations, the State filed a motion asking the court to dismiss this forfeiture action with prejudice.  The State argued that, pursuant to WIS. STAT. § 961.555(2)(b), the court lacked competency to proceed with the action because a hearing was not held within sixty days of Lanning's answer to the State's forfeiture complaint.

¶8      The circuit court subsequently addressed the State's motion at two hearings in mid-October 2021.  The court noted that the legislature amended WIS. STAT. § 961.555(2)(a) in 2017 to automatically adjourn civil forfeiture proceedings "until after the defendant is convicted of any charge concerning a crime, which was the basis for the seizure of the property." *See id.*  Based on that change, the court recognized that the adjournment in subsec. (2)(a) seemed to conflict with the sixty-day hearing deadline in subsec. (2)(b).  Construing those provisions together, the

court determined that the adjournment "in [§] 961.555(2)(a) has priority or superiority to the [hearing in §] 961.555(2)(b)." The court therefore denied the State's motion, concluding that the court did not lose competency under subsec. (2)(b) because the proceedings were adjourned under subsec. (2)(a).

¶9　　Lanning petitioned this court for leave to appeal the circuit court's order denying the State's motion to dismiss, and the State joined Lanning's request. We subsequently granted that petition. Additional facts will be provided as necessary below.

## DISCUSSION

¶10　　As an initial matter, the State argues that we can resolve this appeal on narrower grounds than the issue identified in our order granting leave to appeal, which was whether the recent amendments to WIS. STAT. § 961.555(2)(a) affect our holding in *One 2000 Lincoln Navigator*. According to the State, the circuit court incorrectly interpreted the adjournment requirement in subsec. (2)(a) as completely "eliminating the court's [inherent] authority to entertain dismissal." The State further argues that "the court still had authority to dismiss [the action] based on the public interest, especially where both parties asked for dismissal." The State therefore contends that we should reverse the court's order and "remand with direction to entertain the motion to dismiss."[2]

---

[2] The State also asserts that "[p]rosecutorial discretion was raised at the [circuit] court, but the court held that the mandatory adjournment provision eliminated that discretion." In doing so, the State misconstrues the record. In response to an argument that prosecutorial discretion should permit dismissal, the court stated: "And again, we went over that in my previous decision too. So, you didn't appeal that, and the 20 days has expired since that—since I did render a decision which did say that it is mandatory."

5

¶11     The State's initial argument is misplaced and misapprehends the circuit court's decision during the two October 2021 hearings. In that decision, the court did not conclude that the required adjournment in WIS. STAT. § 961.555(2)(a) precluded it from considering a motion to dismiss or from dismissing the action. Rather, the court's decision was limited solely to its conclusion that dismissal was not required under § 961.555(2)(b). This understanding of the court's decision is buttressed by its prior decision during the April 2021 hearing, where the court concluded that the State was required, as a matter of law, to proceed with the civil forfeiture action despite both parties' stated desire to dismiss the action. That conclusion was not premised on the adjournment requirement in subsec. (2)(a).[3] Thus, if we reversed the court's October 2021 order and instructed the court to consider its inherent authority to dismiss the action, one could presume that the court would again deny the motion to dismiss for the same reasons stated in its April 2021 decision. Such a result would be an exercise in futility and weighs in favor of us

---

Although the "previous decision" referenced in the circuit court's response might not be immediately clear, we know that the court was not referencing its October 2021 decision regarding the adjournment requirement in WIS. STAT. § 961.555(2)(a) because that decision occurred only six days earlier. Instead, the court appears to be referring to its April 2021 decision, in which it concluded that the State was obligated to pursue the civil forfeiture action for reasons other than the adjournment requirement in subsec. (2)(a).

[3] We express no opinion as to whether the circuit court correctly determined that the State was required to proceed with this civil forfeiture action. The parties did not seek leave to appeal that decision, nor did we identify any issues regarding that decision in our order granting this interlocutory appeal. *See* WIS. STAT. RULE 809.50(3) ("The court may specify the issue or issues that it will review in the [interlocutory] appeal."). Thus, the validity of the court's April 2021 decision is not before us. However, that decision could be the subject of a later appeal from a final judgment or final order. *See* WIS. STAT. RULE 809.10(4) ("An appeal from a final judgment or final order brings before the court all prior nonfinal judgments, orders and rulings adverse to the appellant and favorable to the respondent made in the action or proceeding not previously appealed and ruled upon.").

addressing the issue for which we granted Lanning's petition for interlocutory appeal.[4]

¶12 As noted above, the main issue in this interlocutory appeal is whether the recent amendments to WIS. STAT. § 961.555(2)(a) requiring automatic adjournment of forfeiture proceedings affect our holding in *One 2000 Lincoln Navigator* that "a forfeiture petition must be dismissed [with prejudice] unless the requisite hearing [in subsec. (2)(b)] is held within the sixty-day period." *See One 2000 Lincoln Navigator*, 301 Wis. 2d 714, ¶3. Lanning argues that the sixty-day hearing deadline in subsec. (2)(b) and our holding in *One 2000 Lincoln Navigator* take precedence over subsec. (2)(a) and that the circuit court should have dismissed the forfeiture action for lack of competency. Conversely, the State contends that the court properly interpreted the relevant statutes, while also expressing concern over certain problems that may arise from this plain meaning of the statutes. Thus, to resolve this issue, we must interpret the meaning of both subsecs. (2)(a) and (2)(b), which is a question of law that we review de novo. *See State v. Johnson*, 2009 WI 57, ¶22, 318 Wis. 2d 21, 767 N.W.2d 207 ("Statutory interpretation presents a question of law that we review de novo.").

---

[4] Nonetheless, we do agree with the general legal premise of the State's argument that the adjournment in WIS. STAT. § 961.555(2)(a) would not preclude the circuit court from exercising its inherent authority to dismiss an action where all of the parties support the dismissal. *See State v. Braunsdorf*, 98 Wis. 2d 569, 580, 297 N.W.2d 808 (1980) ("It is considered well established that a court has the inherent power to resort to a dismissal of an action in [the] orderly administration of justice." (citation omitted)); *see also City of Sun Prairie v. Davis*, 226 Wis. 2d 738, 749-50, 595 N.W.2d 635 (1999). Nor would the adjournment requirement preclude the State from filing a notice of dismissal under WIS. STAT. § 805.04(1) if that procedure applies in the context of civil forfeiture proceedings. *See* WIS. STAT. § 805.04(1) (permitting the voluntary dismissal of a civil action without a court order under certain circumstances); WIS. STAT. § 801.01(2) ("[WISCONSIN STAT.] Chapters 801 to 847 govern procedure and practice … in all civil actions and special proceedings … except where different procedure is prescribed by statute or rule."). To our knowledge, no Wisconsin appellate court has addressed whether the dismissal of a civil forfeiture action is governed by a statute or rule other than the rule provided in § 805.04(1).

¶13    Statutory interpretation begins with the language of the statute. ***State v. Lopez***, 2019 WI 101, ¶10, 389 Wis. 2d 156, 936 N.W.2d 125.  We give statutory language its "common, ordinary, and accepted meaning, except [we give] technical or specially-defined words or phrases … their technical or special definitional meaning." ***Id.*** (alteration in original; quoting ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110).  We also interpret statutory language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." ***Kalal***, 271 Wis. 2d 633, ¶46.  In interpreting the plain meaning of a statute, we may also consider its "[s]tatutory history, which involves comparing the statute with its prior versions." ***Brey v. State Farm Mut. Auto. Ins. Co.***, 2022 WI 7, ¶20, 400 Wis. 2d 417, 970 N.W.2d 1.  "If the meaning of the [statutory] language is plain, our inquiry ordinarily ends." ***Id.***, ¶11.

¶14    Where multiple statutes are at issue, we seek "to harmonize them through a reasonable construction that gives effect to all provisions." ***State v. Reyes Fuerte***, 2017 WI 104, ¶29, 378 Wis. 2d 504, 904 N.W.2d 773.  "[C]onflicts between statutes are not favored and will be held not to exist if the statutes may otherwise be reasonably construed." ***State v. Delaney***, 2003 WI 9, ¶13, 259 Wis. 2d 77, 658 N.W.2d 416 (citation omitted).  For the reasons that follow, we conclude that WIS. STAT. § 961.555(2)(a) and (2)(b) can be reasonably construed to avoid any conflict.

¶15    WISCONSIN STAT. § 961.555(2)(b) provides that "[u]pon service of an answer, [a civil forfeiture] action shall be set for hearing within 60 days of the service of the answer but may be continued for cause or upon stipulation of the parties."  We have previously held that this sixty-day hearing deadline "is mandatory" and that a circuit court must dismiss a forfeiture petition with prejudice

unless the requisite hearing is held within the sixty-day period or it is continued in accordance with subsec. (2)(b). *See* ***One 2000 Lincoln Navigator***, 301 Wis. 2d 714, ¶3 ("[O]nce the sixty-day period mandated by § 961.555(2)(b) has expired, the circuit court loses competency."); *see also* ***State v. Rosen***, 72 Wis. 2d 200, 209, 240 N.W.2d 168 (1976).

¶16    WISCONSIN STAT. § 961.555(2)(a), on the other hand, now provides that "the forfeiture proceedings *shall be adjourned* until after the defendant is convicted of any charge concerning a crime which was the basis for the seizure of the property." (Emphasis added.)  In other words, the forfeiture proceedings are automatically adjourned upon the commencement of a forfeiture action that precedes the relevant judgment of conviction. *See id.*  Prior to the current iteration of subsec. (2)(a), if a defendant sought an adjournment, he or she was required to request one, and the matter was not adjourned absent a request. *See* § 961.555(2)(a) (2015-16) ("[T]he defendant may request that the forfeiture proceedings be adjourned …."). In 2017, however, our legislature amended subsec. (2)(a) to make that adjournment automatic. *See* 2017 Wis. Act 211, § 21.

¶17    These statutory provisions, when reasonably construed together, do not conflict.  Because forfeiture proceedings are automatically adjourned under WIS. STAT. § 961.555(2)(a), a circuit court cannot hold the hearing contemplated in subsec. (2)(b) until after the defendant is convicted of a requisite charge.  Upon such a conviction, the sixty-day hearing deadline in subsec. (2)(b) begins to run if the defendant has already filed an answer.[5]  If the court then fails to comply with subsec. (2)(b) after the required adjournment, the court would lose competency over

---

[5] We need not, and do not, decide whether a defendant is required to file an answer prior to his or her conviction.

9

the civil forfeiture proceedings pursuant to ***One 2000 Lincoln Navigator***. In essence, the automatic adjournment in subsec. (2)(a) is a statutorily prescribed "for cause" continuance, which is permitted in subsec. (2)(b).

¶18 Lanning acknowledges that the legislature recently amended WIS. STAT. § 961.555(2)(a), but he nevertheless contends that the "statutory language still favors the prompt handling of seizures and forfeiture actions."[6] Lanning further suggests that the circuit court should hold an "early procedural hearing" to determine whether the property would be subject to forfeiture if he is eventually convicted. Lanning's argument disregards the plain language of subsec. (2)(a), which automatically adjourns the forfeiture proceedings upon the commencement of the forfeiture action. If we were to require a court to hold a hearing under subsec. (2)(b)—before the defendant has been convicted of the relevant charge— we would render the adjournment of "forfeiture proceedings" in subsec. (2)(a) meaningless.

¶19 Lanning also contends that a hearing under WIS. STAT. § 961.555(2)(b) is a "necessary safeguard" to protect the interests of an innocent owner of property. Lanning's concern about innocent owners, however, is misplaced. Section 961.555(5)(a) expressly provides that "*[n]otwithstanding* [subsec.] (2)(a), a person who claims to have an ownership interest in property

---

[6] Lanning also argues that a district attorney has authority to decide "what is filed and what should be dismissed." District attorneys do enjoy significant "discretion in determining whether to initiate forfeiture proceedings." *See **State v. Jones***, 226 Wis. 2d 565, 582-83, 594 N.W.2d 738 (1999). However, that discretion does not change the outcome of this appeal because the circuit court never concluded in its October 2021 decision that a district attorney's discretion to dismiss a forfeiture proceeding was curtailed by the adjournment in WIS. STAT. § 961.555(2)(a). *See supra* ¶10 n.2.

subject to forfeiture as an innocent owner may petition the [circuit] court for the return of his or her seized property *at any time*."[7]  (Emphasis added.)  In other words, the adjournment in subsec. (2)(a) does not preclude an innocent owner from petitioning the court for the return of his or her property, nor does it preclude the court from addressing that issue.

¶20    Accordingly, we agree with the circuit court that it did not lose competency in this civil forfeiture action.  When the State moved to dismiss the forfeiture action pursuant to WIS. STAT. § 961.555(2)(b), Lanning had not been convicted of any charge that was the basis for the seizure of his property.  The forfeiture proceedings were therefore adjourned under subsec. (2)(a), and the sixty-day hearing deadline in subsec. (2)(b) had not yet commenced.

*By the Court.*—Order affirmed.

---

[7] The legislature added WIS. STAT. § 961.555(5) at the same time it added the automatic adjournment in subsec. (2)(a).  *See* 2017 Wis. Act 211 § 27.  Significantly, if the legislature had wanted the sixty-day hearing deadline in subsec. (2)(b) to apply during the adjournment period, the legislature could have amended subsec. (2)(b) to include the same "*[n]otwithstanding* [subsec.] (2)(a)" language used in subsec. (5)(a).  The legislature's decision not to include that language in subsec. (2)(b) further supports our construction of subsecs. (2)(a) and (2)(b).  *See Westra v. State Farm Mut. Auto. Ins. Co.*, 2013 WI App 93, ¶18, 349 Wis. 2d 409, 835 N.W.2d 280 ("Courts may not 'add words to a statute to give it a certain meaning.'" (citation omitted)).